**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ramona Carney, | ) | No. CV-19-05639-PHX-SPL |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Allied Packaging Corporation, et al., | ) ) ) | |
| Defendant. | ) ) ) | |

    Before the Court is Plaintiff's Motion to Remand. (Doc. 6) For the following reasons, the Motion will be granted.

    In 1990, Ted Carney and Allied Packaging Corporation ("Defendant") entered into an "Employment Agreement," whereby Mr. Carney would sell Defendant's packaging materials in exchange for a commission payment. (Doc. 6-2) Several years after entering into the Employment Agreement, Mr. Carney confronted Defendant about the payment arrangement under the agreement and asserted that he was being improperly charged for certain "salesperson's costs." (Doc. 6-1 at 4-5) The dispute resulted in the execution of a separate "Machinery Agreement" in March of 2007. (Doc. 6-1 at 35) Mr. Carney died in 2018. (Doc. 6-1 at 7)

    On November 7, 2019, Ramona Carney ("Plaintiff"), acting as Successor Trustee of the 2017 Ted Carney Separate Property Trust, brought this lawsuit in the Maricopa County Superior Court on behalf of Mr. Carney's estate. (Docs. 1-4 at 4; 6-1 at 1-22) The

Complaint alleges violations of both the Employment Agreement and the Machinery Agreement. (Doc. 6-1 at 1-22) In the Employment Agreement, there is a forum-selection clause that states:

> In the event of any dispute arising under or in connection with this Agreement, this Agreement shall be construed, and such dispute adjudicated, in accordance with the laws of the State of Arizona. Exclusive jurisdiction of any and all such disputes, claims, suits or causes of action of any kind shall lie in the Superior Court of Maricopa County; Arizona. (Doc. 6-2 at 5)

The Machinery Agreement does not contain a forum-selection clause. On November 18, 2019, Defendant removed the case to this Court. (Doc. 1) On December 18, 2019, Plaintiff motioned to remand the case back to the Maricopa County Superior Court. (Doc. 6) The motion is fully briefed and ready for review.

Plaintiff argues that the forum-selection clause broadly applies to disputes arising out of the Employment Agreement. (Doc. 6 at 2-3) Plaintiff further argues that Mr. Carney's dispute with Defendant regarding his commission payments under the Employment Agreement directly resulted in the creation of the Machinery Agreement. (Doc. 6 at 2) Plaintiff moves to remand the case back to the Maricopa County Superior Court pursuant to 28 U.S.C. § 1447(c). (Doc. 6 at 1) Plaintiff also requests that the Court award her the attorney's fees and costs incurred as a result of the removal. (Doc. 6 at 1)

In response, Defendant argues that there is no basis for remand because the Machinery Agreement is a separate contract that is not subject to the Employment Agreement's forum-selection clause. (Doc. 9 at 3) Defendant asserts that, because the case brings claims under both contracts, it has the right to remove the entire case under 28 U.S.C. § 1332. (Doc. 9 at 7) Citing *RK Dixon Co. v. Dealer Mktg. Servs., Inc.*, 284 F.Supp.2d 1204, 1213 (S.D. Iowa 2003), Defendant argues that partial remand of just the Machinery Agreement claims is not available, and this Court must hear the entire action. (Doc. 9 at 6)

The Ninth Circuit has held that:

> [F]orum-selection clauses covering disputes *arising out of* a particular

agreement apply only to disputes relating to the interpretation and performance of the contract itself. . . . By contrast, forum-selection clauses covering disputes *relating to* a particular agreement apply to any disputes that reference the agreement or have some logical or causal connection to the agreement.

*Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018) (emphasis added) (internal quotations and citations omitted); *accord Azima v. RAK Inv. Auth.*, 926 F.3d 870, 877 (D.C. Cir. 2019) (explaining that the terms "in relation to" and "in connection with" are analogous).

Here, the Court finds that the Machinery Agreement is logically and causally connected to the Employment Agreement. The Court is unpersuaded by Defendant's argument that the forum-selection clause's "in connection with" language cannot extend to claims stemming from the Machinery Agreement. The Complaint alleges that the Machinery Agreement was created to clarify an undefined term ("salesperson's costs") in the Employment Agreement. (Doc. 6-1 at 4-5) In that way, the Machinery Agreement would not exist but-for the Employment Agreement. Thus, the Court finds that the mandatory forum-selection clause governs both agreements, and this case must be remanded back to the Maricopa County Superior Court. 28 U.S.C. § 1447(c) (if at any time before final judgment it appears that the district court lacks subject matter jurisdiction over an action that has been removed, the case shall be remanded). The Court does not find, however, that granting Plaintiff's request for attorney's fees is appropriate. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 6) is **granted**. The parties shall bear their own fees and costs incurred as a result of the removal and remand.

///
///
///
///
///

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this case back to the Maricopa County Superior Court and terminate this action.

Dated this 3rd day of April, 2020.

_____
Honorable Steven P. Logan
United States District Judge